IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL D. RODGERS, SR.,[1] ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:05-CV-1825-N (BH) |
| ) | ECF |
| DARIUS HICKMAN, ) | Referred to U.S. Magistrate Judge |
|     Defendant. ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

Plaintiff, a resident of Dallas County, Texas, filed this action against his landlord, Darius Hickman. (Am. Compl. at 1-5.) He indicates that the Court has jurisdiction over this action pursuant to 42 U.S.C. § 1983 for "[v]iolation of rights based on race, gender, and disability because of discrimination against a disabled U.S. Veteran." (*Id.* at 1.) He also asserts a state claim for inten-

---

[1] Although plaintiff lists his wife and two children as plaintiffs, no purported plaintiff other than Michael D. Rodgers, Sr. has signed any filing in this action. No plaintiff other than Michael D. Rodgers, Sr. moved to proceed *in forma pauperis*, and the Court has granted permission for no other plaintiff to proceed *in forma pauperis*. Rule 17(c) of the Federal Rules of Civil Procedure provides circumstances when a parent or guardian may sue on behalf of an infant or incompetent person, but there is no authority for permitting a husband to prosecute an action on behalf of his wife in the absence of the wife's incompetency or for permitting a parent or guardian to file an action on behalf of a minor child without legal representation for the child. To the contrary, there is "clear precedent" for not allowing plaintiff to prosecute this action on behalf of his wife without an adequate showing that she is incompetent or on behalf of his children without obtaining legal representation for them. *See Martin v. Revere Smelting & Refining Corp.*, No. 3:03-CV-2589-D, 2004 WL 852354, at *2 (N.D. Tex. Apr. 16, 2004) (recommendation of magistrate judge setting forth precedent), *adopted in part by* 2004 WL 1161373 (N.D. Tex. May 24, 2004). "[I]ndividuals who do not have a law license may not represent other parties in federal court even on a next friend basis." *Id.* To proceed with an action on behalf a child, plaintiff "must retain legal counsel to protect their interests." *Id.* Although plaintiff has filed a motion for appointment in this action, the motion does not address appointment of counsel for plaintiff's children. Moreover, contemporaneously with these findings, the Court has denied the motion for appointment of counsel. For all of these reasons, the Court considers this action as brought solely by Michael D. Rodgers, Sr. The Court notes, however, that even if the wife and children were proper parties, the outcome would be the same.

tional infliction of emotional distress. (*Id.*)  His complaint concerns various disputes with his landlord between February and September 2005. (*Id.*)  On January 24, 2006, plaintiff filed a motion wherein he requests that the Court order defendant served with summons.  In addition, on February 2, 2006, plaintiff filed a motion to proceed *in forma pauperis* and a "Notice of Appeal to Federal Court" wherein he purports to appeal state civil action CC-05-12895-b in this Court.[2]  That notice also mentions removal of that action to this Court.  On February 14, 2006, plaintiff filed a "Notice to Federal Court" in which he indicates that he has filed a notice of removal so as to effect the removal of his state case to this Court.  No process has been issued in this case.

## II.  PRELIMINARY SCREENING

The Court has permitted plaintiff to proceed *in forma pauperis*. (*See* Order of Oct. 18, 2005.)  His complaint is thus subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).  The statute provides for *sua sponte* dismissal of the complaint, "or any portion thereof," if the Court finds the action "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  *See id.*  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

---

[2] According to the documents submitted to the Court, Darius Hickman commenced a state civil action against Michael D. Rodgers, Sr. in September 2005 seeking Rodgers' eviction from his residence and collection of back rent in the amount of $435.  On January 19, 2006, the state court entered final judgment for Hickman.

2

## III.  RELIEF UNDER § 1983

Plaintiff sues his landlord for "[v]iolation of rights based on race, gender, and disability because of discrimination against a disabled U.S. Veteran" under 42 U.S.C. § 1983.  (Am. Compl. at 1).  That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*  To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).  "Plaintiffs who assert claims under 42 U.S.C. § 1983 and other civil rights statutes . . . must plead the operative facts upon which their claim is based.  Mere conclusory allegations are insufficient." *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987).

A landlord is not a state actor within the meaning of § 1983.  In certain circumstances, however, private parties may be acting "under color of state law" and thus held liable under § 1983:

> 'Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute.  To act 'under color' of law does not require that the accused be an officer of the State.  It is enough that he is a willful participant in joint activity with the State or its agents.'

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794 (1966)).  To support such a conspiracy claim, plaintiffs "must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act and 2) an actual

3

deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (citations omitted).

To find state action by a private individual in the absence of an alleged conspiracy, a plaintiff must show that the private actor "performs a function which is traditionally the exclusive province of the state" or that "there is a nexus between the state and the action of the private defendant such that the action is fairly attributable to the state." *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). Under the latter alternative,

> a finding of state action is justified "'only where it can be said that the state is responsible for the specific conduct of which the plaintiff complains.' A state is not responsible for a private party's decisions unless it 'has exercised coercive power or has provided such significant encouragement, . . . that the choice must in law be deemed to be that of the state.'"

*Id.* (citations omitted).

A landlord does not perform a function that is traditionally the exclusive province of the State. In addition, there is no nexus between the State and the actions of the landlord such that the landlord's actions are fairly attributable to the State. Further, plaintiff has alleged no agreement between his landlord and any state actor to commit an illegal act. Without an allegation of some agreement between his landlord and a state actor, plaintiff has failed to state a viable claim under § 1983 against his landlord, and his § 1983 claims should be dismissed as frivolous.[3]

---

[3] Plaintiff specifically premises federal jurisdiction over his discrimination claims against his landlord upon § 1983. However, a claim of discrimination against a landlord may arise under Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (the Fair Housing Act or FHA), 42 U.S.C. §§ 3601-31. Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 104 U.S. 519, 520-21 (1972), "conclusory allegations or legal conclusions masquerading as factual conclusions" are insufficient to avoid summary dismissal regardless of whether a plaintiff proceeds *pro se* or through counsel, *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Southern Christian Leadership Conference v. Supreme Ct. of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)). *Cf. Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (the Court "need not accept as true legal conclusions or unwarranted factual inferences" even with the liberal construction given *pro se* pleadings). Plaintiff's

## IV. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff also appears to make a state-law based claim of intentional infliction of emotional distress against his landlord. Because plaintiff's federal claims have been eliminated prior to trial, the Court could decline to exercise jurisdiction over this pendent state-law claim. *See Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (recognizing that the "'general rule' is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial"). However, the general rule for declining to exercise jurisdiction over pendent state-law claims is "neither mandatory nor absolute." *Id.* In certain circumstances, the Court may retain jurisdiction over such claims despite the elimination of all federal claims. *See Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002). In determining whether to retain jurisdiction over pendent state law claims, the courts consider the provisions of 28 U.S.C. § 1367(c) and issues of judicial economy, convenience, fairness, and comity. *Id.* In this instance, these considerations favor retention of jurisdiction to consider the pendent state-law claim.

To succeed on a claim of intentional infliction of emotional distress under Texas law, plaintiff must show that defendant, through an intentional or reckless act that amounts to extreme and outrageous conduct, caused him severe emotional distress. *Lang v. City of Nacogdoches*, 942 S.W.2d 752, 759 (Tex. App. – Tyler Mar. 27, 1997, writ denied). "[T]he Texas Supreme Court [has] des-

---

assertion of discrimination, regardless of the statutory basis, is unsupported by his factual allegations, and the Court therefore declines to construe this action as arising under the FHA or any other statute or common law not specified by plaintiff. Where an *in forma pauperis* plaintiff "alleges no facts to support his claim" that defendant discriminated against him in violation of the FHA, the Court properly dismisses such claim "with prejudice pursuant to 28 U.S.C. § 1915(e)(2)." *See Reedom v. Scott*, No. 3:03-CV-2810-M, 2004 WL 1402518, at *2-3 (N.D. Tex. June 21, 2004) (findings and recommendation of United States magistrate judge ), *accepted by* 2004 WL 1620662 (N.D. Tex. July 16, 2004).

5

cribed the outrageous conduct element as that which "goes beyond all possible bounds of decency as to be regarded as atrocious and utterly intolerable in a civilized society." *Id.* (quoting *Wornick Co. v. Casas,* 856 S.W.2d 732, 734 (Tex. 1993)).  Although plaintiff makes a claim for intentional infliction of emotional distress, he has not alleged that the acts of defendant caused him *severe* emotional distress.  "'Severe' distress is that which no reasonable person could be expected to endure and must be more than mere worry, anxiety, vexation, embarrassment, or anger." *Huckabay v. Moore,* 142 F.3d 233, 242 (5th Cir. 1998) (citations omitted).  Plaintiff has made no allegation that he suffers from severe emotional distress caused by the defendant's conduct.  Accordingly, the Court should dismiss the pendent state-law claim.

## V.  APPEAL OF STATE ACTION

In February 2006, plaintiff filed a document that purports to appeal a state civil action in this Court.  Litigants, however, "may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *See Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). With the *Rooker-Feldman* doctrine,[4] the Supreme Court "definitively established . . . that 'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)).  Consistent with that doctrine, this Court has no jurisdiction to consider plaintiff's specific request to appeal his

---

[4] This doctrine is named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  These decisions "exhibit the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 291 (2005).

6

state case. The Court should deny the motion to proceed *in forma pauperis* filed contemporaneously with the purported appeal.[5]

## VI.  REMOVAL OF STATE ACTION

Plaintiff also appears to seek to remove his state action to this Court after entry of a final state judgment. He has filed a "Notice to Federal Court" which informs the Court that he has filed the "Notice of Removal" attached to the "Notice to Federal Court." However, the purported "Notice of Removal" contains a state-court caption; was filed in state court on February 14, 2006; and is actually titled "Notice of Appeal" which states:

> Notice is hereby given that Michael D. Rodgers, Sr., DEFENDANT in CC-05-12895-b, hereby appeals to The United States District Court for the Northern District of Texas, Dallas Division; concerning the FINAL JUDGMENT issued by The County Court at Law No. 2, for Dallas County, Texas on the 19th day of January, 2006; because this Court has no jurisdiction concerning actions which arise under the Civil Rights Act. [sic] 42 U.S.C. § 1983; as delineated in the attaehed [sic] exhibits and the documents and exhibits; presently being considered by The United States District Court for the Northern District of Texas, Dallas Division in No. 3-05CV1825-N.

Section 1441(a) of Title 28 of the United States Code provides that state civil actions are generally removable when the federal court would have original jurisdiction over such action.[6] Section 1446 provides the procedure for removing a state civil action to federal court. Pursuant to § 1446(a), defendants desiring to remove a civil action from state court must file a signed notice of

---

[5]  In view of the contemporaneous filing of the purported appeal and the motion to proceed *in forma pauperis*, it appears that plaintiff seeks to proceed *in forma pauperis* on the purported appeal. To the extent plaintiff filed the motion for some other reason, the Court should deny it as moot because the Court has already granted plaintiff permission to proceed *in forma pauperis* in this action.

[6]  Section 1441(a) provides in pertinent part:
>   Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

7

removal in federal court that contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Furthermore, § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which the such action or proceeding is based." In addition, Local Rule 81.1 sets forth the required form for documents to be filed upon removal. Such rule requires, among other things, that defendants attach the following items to the notice of removal:

> A. an index of all documents that clearly identifies each document and indicates the date the document was filed in state court;
>
> B. a copy of the docket sheet in the state court action;
>
> C. each document filed in the state court action, except discovery material, individually tabbed and arranged in chronological order according to the state court file date; and
>
> D. a separately signed certificate of interested persons that complies with LR 3.1(f).

Plaintiff's purported removal of his state action is fraught with procedural defects. First, he has filed no notice of removal in this Court relative to his state action in Cause No. CC-05-12895-b. He has instead filed a notice to this Court with an attached document filed in state court which purports to appeal the state final judgment to this Court. As already discussed, this Court has no jurisdiction over any appeal of the state judgment. Second, removal under § 1441(a) is only available when the federal court would have original jurisdiction over the case sought to be removed. Plaintiff has not shown that this Court has jurisdiction over an action for his eviction and payment

8

of back rent. As previously found, plaintiff cannot state a claim under § 1983 against his landlord. Third, the purported removal fails to comply with the procedures set forth in § 1446 and L.R. 81.1. Fourth, even if the Court construes the notice filed in this action as a notice of removal, plaintiff did not file such notice of removal within the requisite thirty-day period established by § 1446(b). He made no effort to remove the state case to this Court until after entry of a final judgment in the state case. In addition, the removal statute does not contemplate that a state defendant file a notice of removal in a pending federal case; the statute instead contemplates that the defendant is removing the state action so as "to litigate a new case in the new court." *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 966 (7th Cir. 1982) (cited with approval in *Johnson v. Heublein Inc.*, 227 F.3d 236, 242 (5th Cir. 2000)). For all of these reasons, plaintiff has improperly sought to remove the state action against him to this Court.[7]

## VII. PROPRIETY OF SANCTIONS

Plaintiff has twice unsuccessfully attempted to remove a pending state criminal action to this Court. *See State v. Rodgers*, No. 3:05-CV-0022-H (N.D. Tex. filed Jan. 4, 2005); *State v. Rodgers*, No. 3:01-CV-0721-H (N.D. Tex.) (N.D. Tex. filed Apr. 12, 2001). In addition, court records reflect at least thirteen other cases filed in this Court by Mr. Rodgers. In his last attempt to remove a state criminal action, the Court specifically warned plaintiff

---

[7] Due to the procedural irregularities with plaintiff's purported removal of his state action, plaintiff has not successfully removed his state action to this Court. Consequently, there appears to be no need to remand the state action to state court. *See* 28 U.S.C. § 1446(c)(4) (requiring an order for summary remand by the United States district court in which a notice of removal has been filed consistent with § 1446(a)). Nevertheless, in an abundance of caution, the Court should direct that the Clerk of Court notify the County Court at Law No. 2 located in Dallas County, Texas, that plaintiff's attempt to remove the state action to this Court did not remove the case to federal court and does not prevent further action in state court.

> that disregarding court orders or engaging in abusive litigation practices, such as filing frivolous actions or improperly attempting to remove state actions to federal court, may result in the imposition of sanctions, including requiring him to pay a monetary sanction to the clerk of court and/or prohibiting him from filing civil actions in this Court without first obtaining leave of court to do so.

He was later warned in a different case "that any future frivolous lawsuits may result in the imposition of sanctions, including an order prohibiting him from filing any civil actions without prior authorization from a district judge or magistrate judge." *See Rodgers v. Duncanville Indep. Sch. Dist.*, No. 3:04-CV-0365-D (N.D. Tex. May 6, 2005) (memorandum order).

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). When a litigant abuses the judicial process by filing frivolous actions or by commencing actions and failing to prosecute them to fruition, monetary sanctions and a prohibition "against the filing of future civil

rights suits without the prior consent of a district or magistrate judge" are appropriate sanctions. *Murphy v. Collins*, 26 F.3d 541, 544 (5th Cir. 1994).

In light of the litigation history of Mr. Rodgers in this Court, the frivolousness of the instant action, the improper attempt to appeal a state judgment in this Court, and the latest improper attempt to remove a state action to this Court, the Court deems sanctions appropriate. The Court should order plaintiff to pay a $100 monetary sanction to the Clerk of Court and inform plaintiff that he must pay this monetary sanction before filing any new civil action in federal court and provide proof of payment of such sanction when he files the new action.

## VIII. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), **SANCTION** plaintiff as stated herein, and **DENY** plaintiff's most recent motion to proceed *in forma pauperis*. Furthermore, if the District Court dismisses plaintiff's complaint, it should also **DENY** his motion for service.

**SIGNED this 22nd day of June, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

11

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

12